UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

CENTURY-ML CABLE CORPORATION AND *
CENTURY-ML CABLE VENTURE, *
*
Plaintiffs *
*
v. *    Civ. No. 98-1193 (PG)
*
EDWIN CARRILLO DIAZ, and the CONJUGAL *
PARTNERSHIP COMPOSED BY EDWIN *
CARRILLO and HIS WIFE, LETTY MACIAS *
ORDONEZ, ELLIOT LOPEZ PINA a/k/a RAFAEL *
LOPEZ, SERGIO STRUBBE DAVILA, SANDRA *
CARDONA, and PEDRO RIOS, *
*
Defendants *
*
* * * * * * * * * * * * * * * * * * * * * * * * *

## OPINION & ORDER

Plaintiffs have moved for Summary Judgment against Defendant Pedro Ríos and for Default Judgment against Elliot López Piña, Sergio Strubbe Dávila, and Sandra Cardona. (Dkts. 56 & 57) Plaintiffs request an award of monetary damages, a permanent injunction, costs and attorney's fees. For the sake of brevity, the Court has chosen not to transcribe all the factual background material pertinent to this case. The parties may rest assured, however, that the Court dutifully digested each and every document the parties submitted. Of course, since Defendants, other than Ríos, have not defended against this action, the vast majority of these documents have been submitted by Plaintiffs.

## DEFAULT JUDGMENT

Defendants have failed to appear or defend in this action and have been adjudged in default under separate and prior Orders of the Court, dated June 24, 1998 and June 26, 1998. It is well





98-1193 (PG)                                                                                                                                    2

established that upon a default for a "failure to plead or otherwise defend" against a complaint, a defendant admits every "well-plead allegation" of the complaint, except those relating to damages. *See Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 336 (2d Cir. 1986) ("In principle, [the defendant] had no standing to participate in the further adjudication of issues as to its liability to plaintiffs."); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Flaks v. Koegal*, 704 F.2d 702, 704 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established unless the amount is liquidated or susceptible of mathematical computation"); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973). Therefore, the Court makes the following findings of fact with respect to the Plaintiffs' costs, attorneys' fees and damages in this case.

Plaintiffs brought this action under the Communications Act of 1934, *as amended*, Title 47 U.S.C. §§ 553 and 605 (the "Communications Act"). Defendants modified the Plaintiff's cable television decoding devices so that they would be capable of intercepting and permitting viewing of all of Plaintiffs' scrambled programming services, including premium and Pay Per View services, in violation of § 553 (a)(1) and § 605 (a) and (e) of the Communications Act. Plaintiffs' claims are based on an investigation of Defendants that resulted in the seizure of numerous cable television decoders that had been modified in such a manner as to enable them to steal all of Plaintiffs' programming services. The tests performed by Cable TV on the seized devices evidenced that they enabled their users to descramble all of Plaintiffs' programming services, including premium and Pay Per View services.

Plaintiffs now seek a finding by this Court of defendant's precise monetary liability under 47 U.S.C. §§ 605 (a) and (e) and 553 (a) for violations of these statutes resulting from their roles in the unauthorized reception of Plaintiffs' cable programming. In pertinent part, § 553(a)(1) provides:

98-1193 (PG)                                                                                    3

> No person shall intercept or receive . . . any communications service offered over a cable system unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 553(a)(1). Subsection (a)(2) states as follows:

> For the purpose of this section, the term "assist in intercepting or receiving" shall include the manufacture or distribution of equipment intended by the manufacturer or distributor (as the case may be) for unauthorized reception of any communications service offered over a cable system in violation of subparagraph (1).

In pertinent part, section 605(a) provides:

> No person not being authorized by the sender shall intercept any radio communications and divulge or publish the contents of such intercepted communication to any person.

47 U.S.C. § 605(a). Similar to subsection 553 (a)(2), subsection (e)(4) states:

> Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or is intended for any other activity prohibited by subsection (a), shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both. For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

Both sections 605 and 553 of the Communications Act prohibit the unauthorized reception of cable television programming services and the sale of pirate cable television devices. *See International Cablevision, Inc. d/b/a Adelphia Cable v. Sykes*, 75 F.2d 123 (2d Cir. 1996); *United States v. Beale*, 681 F. Supp. 74, 76 (D. Me. 1988); *International Cablevision, Inc. v. Noel*, 982 F. Supp. 904 (W.D.N.Y. 1997); *Time Warner Cable of N.Y.C. v. U.S. Cable T.V., Inc.*, 920 F. Supp. 321, 328 (E.D.N.Y. 1996); *Time Warner Cable of N.Y.C. v. Freedom Elecs., Inc.*, 897 F. Supp. 1454 (S.D. Fla. 1995); *Cablevision*

98-1193 (PG)                                                                                                              4

*Sys. Corp. v. Muneyyirci*, 876 F. Supp. 415 (E.D.N.Y. 1994); *Oceanic Cablevision v. M.D. Elec.*, 771 F. Supp. 1019 (D. Neb. 1991); *TKR Cable Co. v. Cable City Corp.*, 1996 WL 465508 (D.N.J. July 29, 1996) (Brown, J.); c.f. *United States v. Norris*, 88 F.3d 462 (7th Cir. 1996); *TCI Cablevision of New England v. Pier House, Inc.*, 930 F. Supp. 727 (D.R.I. 1996).

As a party possessing "proprietary rights" in the communications which the defendant intercepted, plaintiffs are "aggrieved persons" and thereby authorized to bring this civil action against defendant pursuant to 47 U.S.C. §§ 605(e)(3)(B) and 553(c)(2). *See Freedom Elecs.*, 897 F. Supp. at 1459; *TKR Cable Co.*, 1996 WL 465508 at *10-*11. In accordance with their statutory rights under 47 U.S.C. section 605 (e)(3)(C)(i) and section 553 (c)(3)(A), Plaintiffs have elected to recover money damages against the defendant in the form of statutory damages, as opposed to actual damages.

Title 47, section 605 (e)(3)(C)(i)(II) of the United States Code provides, "for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000.00, or more than $100,000.00, as the court considers just." *See U.S. Cable T.V.*, 920 F. Supp. at 329. Similarly, under 47 U.S.C. § 553 (b) and (c), this court can award statutory damages for each violation in a sum of not less than $250 or more than $10,000 as the court considers just. *Id.* at 328-329. The Court considers $10,000 per violation a just figure.

Sections 553 and 605 of the Communications Act also contain provisions which authorize a court to increase the base award of plaintiffs' actual damages when the defendant is found to have willfully violated the Communications Act for either private financial gain or commercial advantage. Under section 605, the court has discretion to award up to an additional $100,000.00, while under section 553, an additional $50,000.00 may be awarded. 47 U.S.C. section 605 (e)(3)(C)(ii) and section 553 (c)(3)(B).

98-1193 (PG)                                                                                                                        5

In the present case, this Court believes that enhanced damages for the defendant's willfulness and purpose of private financial gain or commercial advantage in violating the Communications Act are warranted. In civil actions, the requisite state of mind for willfulness has been defined as a "disregard for the governing statute and an indifference to its requirements." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126-27 (1985). This standard has been applied to actions under the Communications Act. *See Cable/Home Communication Corp. v. Network Products, Inc.*, 902 F.2d 829, 851 (11th Cir. 1990). Although plaintiffs are entitled to every reasonable inference from the evidence offered, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d at 65, and defendant's civil contempt and default alone may be viewed as evidence of willfulness, *Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983), *Fitzgerald Publishing Co. v. Baylor*, 807 F.2d 1110, 1115 (2d Cir. 1986), there is ample proof of defendant's willfulness herein. The undisputed facts surrounding Defendants' illegal decoder modification business themselves are evidence of the requisite "willfulness and private financial gain or commercial advantage" for which sections 605 and 553 of the Communications Act enable the Court, in its discretion, to award additional monetary damages up to $100,000.00 and $50,000.00, respectively for each violation. *See* 47 U.S.C. sections 605 (e)(3)(C)(iii) and 553 (c)(3)(B).

In light of the greater statutory protection afforded to an aggrieved cable operator under § 605 for unauthorized interception of cable programming services, but keeping in mind the statutory damages awarded, this Court feels it is appropriate in this case to grant Plaintiffs the enhanced damages of $100,000 for Defendants' willfulness and private financial gain under the more stringent § 605 with respect to all violations. *See Time Warner Cable of N.Y.C. v. Olmo*, 977 F. Supp. 585, 589 (E.D.N.Y. 1997) ("In this case, since defendant violated both §§ 553 & 605, the court must assess damages under the more severe provisions of § 605."), *citing, Cablevision Systems Corp. v. Maxie's North Shore Deli*

98-1193 (PG) 6

*Corp.*, 1991 WL 58350 (E.D.N.Y. March 20, 1991) (Chrein, M.J.).

The Court **GRANTS** Plaintiffs' Motion for Default Judgment are awards them $580,000.00 from the default Defendants.[1] The Court also imposes a permanent injunction on Defendants under sections 605 (e)(3)(B)(i) and 553 (c)(2)(A). These sections permit a court to grant temporary and final injunctions in order to restrain or prevent violations. Defendants therefore are prohibited from engaging in the sale, modification or transfer of "pirate" cable television decoding devices and equipment.

Section 605 of the Communications Act provides that the court "*shall* direct recovery of full costs, including the award of reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605 (e)(3)(B)(iii). Under 47 U.S.C. § 553 (c)(2)(C), an award of attorney's fees to the successful aggrieved party is within the court's discretion. *Id. See also U.S. Cable T.V.*, 920 F. Supp. at 329. Given the burden borne by cable operators to protect and redress their statutory rights through civil actions from what is also criminal conduct, and as this Court has already determined in the past, *see* Order dated August 28, 1998, Plaintiffs are entitled to receive their costs and reasonable attorneys' fees in prosecuting this action against Defendants. They shall submit a motion setting forth such.

## SUMMARY JUDGMENT

Plaintiffs also moved for summary judgment against Pedro Ríos. (Dkt. 56) The motion is unopposed.

Summary judgment should be awarded when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to the material fact and that the moving party is entitled to a judgment as a matter of law." FED.

---

[1] López: 6 violations x $10,000 each = $60,000 plus $100,000 in enhanced damages, for a total of $160,000. Strubbe: 20 violations x $10,000 each = $200,000 plus $100,000 in enhanced damages, for a total of $300,000. Cardona: 2 violations x $10,000 each = $20,000 plus $100,000 in enhanced damages, for a total of $120,000.

98-1193 (PG) 7

R. CIV. P. 56 (c).

Because no issue of genuine fact persists, and for the same reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment and awards Plaintiffs damages and a permanent injunction against Defendant Ríos. Plaintiffs submissions demonstrate eighteen (18) violations of section 553 and 605 by Ríos. Plaintiffs are therefore awarded $180,000.00. Additionally, Plaintiffs are awarded $100,000.00 for enhanced damages. The Court also imposes a permanent injunction on Defendant Ríos under sections 605 (e)(3)(B)(i) and 553 (c)(2)(A). These sections permit a court to grant temporary and final injunctions in order to restrain or prevent violations. Defendant Ríos therefore is prohibited from engaging in the sale, modification or transfer of "pirate" cable television decoding devices and equipment.

## CONCLUSION

Wherefore, pursuant to the above findings, Plaintiffs are awarded $860,000.00, to be paid as follows: Defendant López is ordered to pay $160,000.00 in damages; Defendant Strubbe is ordered to pay $300,000.00 in damages; Defendant Cardona is ordered to pay $120,000.00 in damages; and Defendant Ríos is ordered to pay $280,000.00 in damages. The Court also imposes a permanent injunction against Defendants which prohibits them from engaging in the sale, modification or transfer of "pirate" cable television decoding devices and equipment. The Court also holds that Plaintiffs are entitled to reasonable attorney's fees and costs in this case.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October //, 2000.

JUAN M. PEREZ-GIMENEZ
U.S. District Judge

AO 72A
(Rev.8/82)